1

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                    **SOUTHERN DISTRICT OF CALIFORNIA**

10

11   SHERYL GREENAWAY, an individual, et              CASE NO. 10cv0406 DMS (BLM)
     al.,
12
                                  Plaintiffs,
13
                         vs.                          **ORDER GRANTING IN PART**
14                                                    **AND DENYING IN PART**
                                                      **DEFENDANT'S MOTION TO**
15   JOHN C. PAYNE, an individual, et al.,            **DISMISS**

16                                Defendants.         **[Docket No. 6]**

17

18          This case comes before the Court on Defendant John C. Payne's motion to dismiss. Plaintiffs

19   have filed an opposition to the motion, and Defendant has filed a reply. For the reasons set out below,

20   the Court grants in part and denies in part Defendant's motion.

21                                              **I.**

22                                        **BACKGROUND**

23          On September 30, 2005, Plaintiffs Sheryl Greenaway and her husband Robert Greenaway

24   entered into a General Contract for Services and a Subscription Agreement with Defendant Wireless

25   Broadband Access, Inc. ("Wireless"). (Compl. ¶ 13.) Defendant John C. Payne signed each Agreement

26   on behalf of Defendant Wireless. Pursuant to the Agreements, Plaintiffs paid Defendants $103,500

27   towards Defendants' "installation, maintenance, and operation of six (6) wireless broadband internet

28   access towers/sectors." (*Id.* ¶ 14.) According to the Agreements, Plaintiffs were to receive a monthly

                                               - 1 -                                        10cv0406

1  return of $2,500 per unit, or $15,000 per month.  (*Id.* ¶¶ 14, 16.)  Defendants remitted partial payment

2  to Plaintiffs, but thereafter discontinued making any payments to Plaintiffs pursuant to the Agreements.

3  Plaintiffs filed the present case on February 22, 2010.  In their Complaint, they allege claims for

4  breach of contract and fraud.

5  **II.**

6  **DISCUSSION**

7  Defendant moves to dismiss Plaintiffs' entire case for failure to effect service within the time

8  provided in Federal Rule of Civil Procedure 4(m).  Defendant also moves to dismiss Plaintiffs' fraud

9  claim for failure to comply with Federal Rule of Civil Procedure 9(b).

10  **A.      Failure to Timely Serve the Complaint**

11  Federal Rule of Civil Procedure 4(m) states: "If a defendant is not served within 120 days after

12  the complaint is filed, the court– on motion or on its own after notice to the plaintiff– must dismiss the

13  action without prejudice against that defendant or order that service be made within a specified time."

14  Fed. R. Civ. P. 4(m).  In this case, Plaintiffs did not serve any of the Defendants within the time

15  provided in Rule 4(m).  Indeed, they failed to take any action in this case in the eight months following

16  the filing of the Complaint.  As a result, the Court set the matter for hearing for dismissal for failure to

17  serve. Ramona Hallam, Esq. appeared at the hearing on behalf of Plaintiffs and their attorney, Deborah

18  Brady-Davis, and informed the Court that service on the Defendants had recently been completed and

19  proofs of service would be filed forthwith.  Plaintiffs filed the proofs of service more than one month

20  later, reflecting that service was completed on November 17, 2010.

21  Defendant Payne now moves for dismissal due to Plaintiffs' failure to effect service within the

22  120-day deadline.  Under these circumstances, Plaintiffs bear the burden to show good cause for their

23  failure to comply with Rule 4(m).  *See* Fed. R. Civ. P. 4(m).  The factors relevant to this analysis are

24  whether: "'(a) the party to be served received actual notice of the lawsuit; (b) the defendant would suffer

25  no prejudice; and (c) plaintiff would be severely prejudiced if his complaint were dismissed.'"  *In re*

26  *Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001) (quoting *Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir.

27  1991)).

28  / / /

1   Plaintiffs do not address the first factor, but they argue the final two factors warrant a finding

2   of good cause.  They assert Defendant has not been prejudiced by the delay in service, but Defendant

3   disagrees.  He declares his ability to defend himself has been hampered by the destruction of documents

4   related to his defense during a hailstorm in June 2010.  (*See* Decl. of John C. Payne in Supp. of Reply

5   Br. ¶¶ 5-7.)  He states that if he had known about the case or been served with process, he would have

6   delivered the documents to his attorney for safekeeping.  (*Id.* ¶ 6.)  Plaintiffs, however, cannot be held

7   responsible for the destruction of Defendant's documents during a storm.  This is especially so when

8   the storm occurred before the expiration of Plaintiffs' time to complete service.  Nevertheless,

9   Defendant has been prejudiced by the delay in the prosecution of this case.

10   Plaintiffs would also be prejudiced, however, if the Court dismissed their case.  Specifically,

11   Plaintiffs' claims could be deemed untimely if they were forced to re-file.  According to the Advisory

12   Committee's Notes to Rule 4(m), this type of prejudice may be sufficient to show good cause.  *See* Fed.

13   R. Civ. P. 4(m) advisory committee's note ("Relief may be justified, for example, if the applicable

14   statute of limitations would bar the refiled action ....")

15   Considering these factors, the Court finds Plaintiffs have shown good cause to extend the time

16   for service of their Complaint.  Accordingly, the Court denies Defendant's motion to dismiss for failure

17   to comply with Rule 4(m).

18   **B.      Failure to State a Claim**

19   Absent dismissal of Plaintiffs' entire case, Defendant moves to dismiss Plaintiffs' fraud claim

20   for failure to comply with Federal Rule of Civil Procedure 9(b).  A fraud-based pleading satisfies Rule

21   9(b) if it identifies "the who, what, when, where, and how" of the misconduct charged.  *Vess v. Ciba-*

22   *Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003).  Plaintiffs' fraud claim does not meet this

23   standard.  Specifically, Plaintiffs fail to identify who made the misrepresentations alleged in the

24   Complaint, what each of the misrepresentations was, when each misrepresentation was made, or where

25   or how each misrepresentation was made.  Absent more specific facts to support this claim, it must be

26   dismissed.

27   / / /

28   / / /

### III.

### CONCLUSION AND ORDER

For these reasons, the Court grants in part and denies in part Defendant's motion to dismiss. Specifically, the Court grants Defendant's motion to dismiss Plaintiffs' fraud claim, but denies Defendant's motion to dismiss the Complaint in its entirety.

In accordance with their request, Plaintiffs are granted leave to file a First Amended Complaint that cures the pleading deficiencies set out in this Order. Plaintiffs are cautioned that if their First Amended Complaint does not cure these deficiencies, their claims will be dismissed with prejudice and without leave to amend. The First Amended Complaint shall be filed on or before March 18, 2011.

**IT IS SO ORDERED**.

DATED: March 9, 2011

HON. DANA M. SABRAW
United States District Judge